UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-00037 |
| | ) | JUDGE SHARP |
| [1] HECTOR PALMA ZAPIEN, (a/k/a | ) | |
| Hector Palma Zapien), [2] MARTHA | ) | |
| SANDOVAL-ROSALES, [3] MARIA | ) | |
| SANDOVAL-ROSALES, | ) | |
| | ) | |

**MEMORANDUM**

Pending before the Court are the Motions for Severance (Docket Nos. 93 & 94) filed by Defendants Martha Sandoval-Rosales and Maria Sandoval-Rosales, to which the Government has responded in opposition (Docket No. 96). Defendants' Motions will be granted in part.

**I. Background**

On February 26, 2014, a federal grand jury returned a 31-count Indictment against four Defendants, along with two forfeiture allegations. Count One charges all four Defendants with conspiring "to defraud the United States and to commit and aid and abet the commission of one or more offenses against the United States, that is, wire fraud, a violation of Title 18 United States Code, Section 1343; structuring, a violation of Title 31, United States Code, Section 5324(a)(3); and operation of an unlicensed money transmitting business, a violation of Title 18, United States Code, Section 1960(b)(1)(B)." (Docket No. 19 at 4). Counts Two through Nineteen charge all four Defendants with distinct acts of unlawful money structuring in violation of 31 U.S.C. § 5324(a)(3). Both the conspiracy and structuring counts involve multiple bank deposits from La Palma Mexican Market into the First Federal Bank of Dickson.

1

In addition to those overriding charges, Defendant Hector Palma Zapien is charged in Count Twenty with managing an unlicensed money transmitting business (La Palma Mexican Market), in violation of 18 U.S.C. § 1960(b)(1)(B); in Count Twenty-One with making a material false statements to the First Federal Bank of Dickson, in violation of 18 U.S.C. § 1014; in Counts Twenty-Two through Twenty-Seven with wire fraud based on wire transfers from the La Palma Mexican Market, in violation of 18 U.S.C. § 1343; and in Count Twenty-Eight with unlawful re-entry of an alien in violation of 8 U.S.C. § 1326(a)(2)(B). In Count Twenty-Nine, that Defendant and his wife, Defendant Maria Sandoval-Rosales, are charged with unlawfully possessing six firearms in violation of 18 U.S.C. §§ 922(g)(5) and 924. Finally, in Count Thirty, Defendant Maria Correa-Ruiz is charged with falsely using a Social Security Number in violation of 8 U.S.C. § 408(a)(7)(B) and, in Count Thirty-One, with utilizing a forged Permanent Resident Card, in violation of 18 U.S.C. § 1546(A), both in relation to an employment application.

In her Motion, Defendant Martha Sandoval-Rosales "moves the Court for an Order severing [her] (2) from all of the remaining defendants (1, 3, 4) charged in the indictment." (Docket No. 93 at 1). For her part, Defendant Maria Sandoval-Rosales requests that this case be severed into four trials, specifically, that there be one trial as to Counts One through Twenty-Seven, another trial as to Count Twenty-Eight, still another trial as to Count Twenty-Nine, and yet another trial as to Counts Thirty and Thirty-One. While this Court finds that severance is appropriate, it does not believe that severance is warranted to the extent requested by either Defendant.

## II. Legal Discussion

Rule 8(a) of the Federal Rules of Criminal Procedure governs whether multiple offenses may be joined in a single indictment by providing:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "[T]he spirit of Rule 8(a) . . . is to 'promote the goals of trial convenience and judicial efficiency,'" United States v. Tran, 433 F.3d 472, 478 (6th Cir. 2006) (citation omitted), and the Sixth Circuit "construes Rule 8(a) in favor of joinder and evaluates whether joinder was appropriate based upon the four corners of the indictment." United States v. James, 496 Fed. Appx. 541, 546 (6th Cir. 2012).

Rule 8(b), in turn, governs the joinder of multiple defendants in one indictment by providing:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). As with Rule 8(a), joinder under Rule 8(b) is "encouraged rather than discouraged" because it helps to "promot[e] efficiency and avoid[] the potential for inconsistent verdicts." United States v. Cope, 312 F.3d 757, 779 (6th Cir. 2002).

In response to Defendants' Motions, the Government asserts that all of the charges and Defendants are properly joined under Rule 8. It argues:

> Here, because the defendants were indicted together, they should be tried together. There can be no dispute that a joint trial is simply more efficient that [sic] separate trials of the multiple defendants. In fact, the moving defendants agree that joinder was proper on the conspiracy and structuring charges (Counts 1 to 19). Defendant Maria Sandoval-Rosales goes farther in correctly conceding that, in addition, joinder is also proper on the managing an unlicensed money transmitting business (Count 20) and wire fraud charges (Counts 21 to 27).

(Docket No. 96 at 3).

This argument misses the mark entirely because it does not address how the alleged crimes

3

or acts are of similar character, or how they are connected to a common scheme or plan. It also conflates Rules 8 and 14.

"If the requirements of Rule 8 are not met, 'the district court has no discretion on the question of severance.'" United States v. Cody, 498 F.3d 582, 586 (6th Cir. 2007). However, even if the joinder of offenses is proper, a severance may still be ordered under Rule 14 which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Whether to grant a severance lies in the sound discretion of the Court, and abuse occurs only where there is a "strong showing of prejudice," that is, "that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." Tran, 433 F.3d at 478.

Here, turning first to Rule 8 and the language of the Indictment, the Court can readily perceive a connection between the first twenty-seven counts, which allege conspiracy, unlawful structuring, management of an unlicensed transmitting business, and wire fraud. All appear to relate to a core of operative events involving Defendant Hector Palma Zapien and the use of La Palma Mexican Restaurant to funnel money to or through various entities, including the First Federal Bank of Dickson. In this sense, those counts appear to be of a "legally and factually intertwined nature," James, 496 Fed. App'x at 546, making joinder proper.

No such connection appears to exist between those counts and the remaining counts, however. Counts Thirty and Thirty-One charging Maria Correa-Ruiz with false representation in connection with an employment application appear to have nothing to do with the underlying conspiracy and related charges and, in any event, are no longer in issue given that she pled guilty

4

on May 4, 2015.  The other two charges, Count Twenty-Eight, which charges Mr. Zapien with illegal re-entry, and Count Twenty-Nine which charges both him and his wife with possession by illegal aliens of six firearms, also appear to have nothing to do with the charged conspiracy, nor any of the other charges that appear to naturally flow out of that conspiracy.  See United States v. Redd, 29 Fed. App'x 290, 297 (6th Cir. 2002) ("Joinder of multiple defendants is proper under Rule 8(b) only if each of the counts in the indictment arise out of the same act or transaction, or group of acts or transactions that are logically interrelated"); United States v. Page, 657 126, 130 (2nd Cir. 2011) (for joinder to be proper there must be "a sufficient logical connection" between the counts); United States v. Heilman, 377 Fed. App'x 157, 202 (3rd Cir. 2010) (citation omitted) ("counts are similar if they are 'somewhat alike' or share 'a general likeness,' or otherwise have a sufficient logical connection and can be tried using the same evidence").  As a consequence, the Court finds joinder of Counts Twenty-Eight and Twenty-Nine improper and will sever those counts from the remainder of the Indictment for trial.

     Turning to Rule 14, the Court concludes that even if it is mistaken about the impropriety of joining the illegal alien counts with the other counts, it would nevertheless sever Counts Twenty-Eight and Twenty-Nine from the Indictment.  Those counts add irrelevant allegations *vis-a-vis* the other counts, and the gun count, in particular, adds potentially inflammatory allegations.  Possible prejudice aside, the proof as to those to counts will necessarily be entirely different from the other counts, suggesting that little in the way of convenience and judicial economy will be gained by trying all of the counts together.

     That said, the Court will not further dissect the case.  It makes sense to try Counts Twenty-Eight and Twenty-Nine together since both counts have as an element being an unlawful alien, and

Defendants Zapien and Maria Sandoval-Rosales are both charged in Count Twenty-Nine with having the firearms in their shared home.

Counts One through Twenty-Seven will be also tried together against the three remaining Defendants. While Defendant Martha Sandoval-Rosales argues that "[d]uring trial there would be an endless litany of admonitions as to whom each piece of evidence was admitted," and "[t]he jury would be saddled with the hopeless task of segregating the facts," (Docket No. 93 at 3), and while Defendant Maria Sandoval-Rosales argues that "this is a case of such complexity that the defendant would be prejudiced by the fact that it would be difficult for a jury to compartmentalize the evidence creating a significant danger of jury confusion," (Docket No. 94 at 7-8), the Court does not anticipate the parade of horribles envisioned by Defendants.

"Even where the risk of prejudice is high," – something the Court does not believe to be the case here in regard to the money and wire fraud counts – "'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (citation omitted). "Indeed, '[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants.'" Id. (citation omitted). The Court has no doubt the jury in this case will be able to follow its instructions and consider the offenses charged against each Defendant, and render a proper verdict based upon the evidence introduce in relation to each count.

### III. Conclusion

The Court will enter an Order granting Defendants' Motions for Severance to the extent that they seek to sever Counts Twenty-Eight and Twenty-Nine from the remainder of the Indictment. At the Government's request those two counts will be tried first, with another trial to follow on

6

Counts One through Twenty-Seven.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE